```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


CLIFFORD G. HENDRICKS JR.      *
                               *
v.                             *
                               *   Civil Action No. WMN-09-2285
SAWYER REALTY HOLDINGS         *
                               *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

Plaintiff was employed as a maintenance technician by Sawyer Property Management of Maryland, LLC, from April 30, 2007, through November 21, 2008.  He alleges that during the course of his employment, his supervisor engaged in unprofessional conduct such as drinking on the job, taking nude photographs of tenants, and ordering Plaintiff to modify hot water heaters in a manner that would save money but would also increase the risk of carbon monoxide leaks.  He further alleges that he was harassed for refusing to participate in these activities, was unlawfully denied overtime wages, and was ultimately forced to resign.

While these allegations would appear more supportive of state law claims of wrongful discharge or violations of state wage and hour laws that would more properly be filed in a state court, Plaintiff filed suit here, asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., and the Age Discrimination in Employment Act of

1967, as amended, 29 U.S.C. §§ 621 et seq.  In completing the form complaint, Plaintiff checked the boxes indicating that he believes he was discriminated against on the basis of race and age.  While he does not identify his race or age in his complaint, in the charge of discrimination that Plaintiff filed with the Maryland Commission on Human Relations and attached to his complaint, he indicates that he is Black and was 53 years of age on the date that he resigned.

In completing the form complaint, Plaintiff identified his former employer as "Sawyer Realty Holdings" which Defendant claims is simply a trade name.  A pay stub that Defendant has attached to its pleadings would indicate that "Sawyer Property Management of Maryland, LLC" is the proper name of Plaintiff's former employer.  After filing his complaint on August 28, 2009, Plaintiff attempted to serve Defendant with process by sending a copy of the complaint and summons by certified mail.  The complaint and summons were received by Defendant's receptionist on September 9, 2009.

Defendant has now filed a motion to quash service and dismiss complaint. Paper No. 5.  Defendant raises three arguments: (1) that service was improper and should be quashed; (2) that the complaint was untimely as it was filed more than 90 days after Plaintiff received his "right-to-sue" letter from the Equal Employment Opportunity Commission (EEOC); and (3) that

Plaintiff failed to state a claim as he named "Sawyer Realty Holdings" as his employer, not "Sawyer Property Management of Maryland, LLC."  Plaintiff filed an opposition to the motion, and Defendant filed a reply.

The Court finds that it must dismiss the complaint as untimely.  In the complaint, Plaintiff states that he received his right to sue letter on May 29, 2009.  Compl. ¶ 10.  The complaint was not filed until August 28, 2009, which is ninety-one days after Plaintiff claims he received his right-to-sue letter.  Under Title VII, a plaintiff must file his suit in the district court no later than ninety days after receiving a right-to-sue letter from the EEOC.  42 U.S.C. § 2000e-16(c).  The ADEA similarly provides that a plaintiff must bring an age-based discrimination claim within 90 days from the date of receipt of the EEOC's right-to-sue letter.  29 U.S.C. § 626(e).  The right-to-sue letter that Plaintiff received also clearly instructed Plaintiff that his "lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice.**"  Dismissal and Notice of Rights (emphasis in original).

The Fourth Circuit has long held that this time for filing suit be "strictly adhered to."  <u>Stebbin v. Nationwide, Mut. Ins. Co.</u>, 469 F.2d 268, 269 (4th Cir. 1972).  Once the time within which a private action may be filed commences to run, it survives for a period of 90 days, after which it is forever


extinguished.  EEOC v. Cleveland Mills, Co., 502 F.2d 155-56 (4th Cir. 1974).  While courts are permitted to equitably toll the Title VII filing period when a thorough examination of the facts yields reasonable grounds to do so, a plaintiff's lack of diligence is clearly insufficient grounds for tolling.  Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151-52 (1984).

While Plaintiff opposed the motion which clearly placed the timeliness of his suit at issue, he offered no grounds for tolling or any explanation as to why he filed suit outside the permitted period of time.[1]  Accordingly, the complaint must be dismissed.  A separate order will issue.

```
                         _____/s/_____
                         William M. Nickerson
                         Senior United States District Judge
```

DATED: November 24, 2009

---

[1] The Court notes that the right-to-sue letter that was attached to the complaint indicates that it was mailed on May 29, 2009.  It seems unlikely that Plaintiff would have received the letter on the same day that it was mailed.  Nevertheless, Plaintiff does not attempt to modify his unequivocal representation in his complaint that he received the letter on May 29, 2009, and the Court must accept that representation.